UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL EDWIN SPEAGLE,

Case No. No.  13-14231

Plaintiff,                     District Judge Bernard A. Friedman

v.                                           Magistrate Judge R. Steven Whalen

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.
_____ /

## REPORT AND RECOMMENDATION

Plaintiff Michael Edwin Speagle ("Plaintiff") brings this action under 42 U.S.C. §405(g), challenging a final decision of Defendant Commissioner denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act.  The parties have filed cross motions for summary judgment which have been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  For the reasons set forth below, I recommend that  Plaintiff's Motion for Summary Judgment be GRANTED in part and DENIED in part  [Docket #14] and that Defendant's Motion for Summary Judgment be GRANTED in part and DENIED in part [Docket #22], remanding the case for further fact-finding.

-1-

# I.  PROCEDURAL HISTORY

This case has a tangled procedural history involving three separate applications for benefits.

## A.  The 2006 Application for DIB and SSI

Plaintiff applied for DIB and SSI on October 5, 2006, alleging disability as of December 31, 2002.[1]  *Docket #14,* 16-18 of 62.  Notably, Plaintiff's "last date insured" for entitlement to DIB benefits (based on his past earnings) was listed as December 31, 2002. *Id.* at 19.  He currently alleges that he chose the date of December 31, 2002 because at the time he applied by telephone, he "did not have the exact [onset of disability date] at hand," but later discovered that the actual onset date was November 30, 2002. *Id.* at 5.  On November 16, 2006, the claim for SSI was denied, based on the finding that he and his wife had resources exceeding the $3,000 cutoff for the asset based program (Tr. 21-30).  The denial letter informed him that he had 60 days from the date of the letter to appeal the denial of SSI (Tr. 29).  On January 31, 2007, Plaintiff's claim for DIB was denied due to the lack of medical records for the period on or before December 31, 2002. *Docket #14* at 19.  The DIB denial letter also stated that Plaintiff had 60 days to request an administrative hearing

---

[1]

In order to obtain DIB benefits, a claimant must show medical disability, along with wages or self-employment income for a certain number of "quarters"  preceding the onset of disability.  42 U.S.C. § 423(c)(1)(B)(i-ii).   To show entitlement to SSI, a claimant is not required to show contributing wages or self-employment income, but must establish financial need.  42 U.S.C. § 1382.

at which he could dispute the initial denial.  *Id.* at 20.

Plaintiff alleges that because the medications he was taking at the time of the denials prevented him "from thinking clearly," he did not attempt to file an appeal until after the 60 day period for both denials had expired.  *Id.* at 4.   Plaintiff alleges that he called an SSA office the first week of April, 2007 and was advised to file a new claim rather than requesting an extension of the appeal period on the original application.  *Id.*  Plaintiff contends that although the initial denial letters promised that he would be "assisted" if he contacted the SSA office, the SSA agent's erroneous advice deprived him of the opportunity to appeal the denial of benefits from December 31, 2002 forward.  *Id.* at 4, 6, 9, 19.

### B.  The August, 2007 Application for SSI

On August 21, 2007, Plaintiff filed a claim for SSI benefits.  The application states that he became disabled as of December 31, 2003, rather than the originally alleged onset date of December 31, 2002.  *Docket #14* at 23.  He attributes the discrepancy to an  error by an SSA agent.  *Id.* at 6.  After the initial denial of the August 21, 2007 SSI application, Plaintiff requested an administrative hearing, held on August 3, 2009 before Administrative Law Judge ("ALJ") Joanne E. Adamczyk.  *Id.* at 40; (Tr. 98-126).

### 1.  The Medical Disability Requirements

 On September 9, 2009, ALJ Adamczyk issued a favorable decision on the August 7, 2007 application for SSI, finding that Plaintiff was disabled as of December 31, 2003 (despite the fact that Plaintiff told her at least twice during the hearing that he in fact became

disabled in November, 2002). *Docket #14* at 48; (Tr. 109, 114). She also stated erroneously that the original DIB had been initially denied due "to the lack of insured status," *Docket #14* at 31, although in January, 2007, the October, 2006 DIB application was actually denied due to the lack of medical evidence supporting disability before the end of the insured period.[2] *Docket #14* at 19. ALJ Adamczyk issued a second opinion on October 21, 2009, finding that she did not have the jurisdiction to reopen the denial of the October, 2006 application because a "reconsideration determination" had not been made as to whether Plaintiff met the financial requirements for SSI[3] (Tr. 39). She found that Plaintiff was entitled to SSI benefits as of August 21, 2007 (Tr. 40).

On November 10, 2010, the Appeals Council modified ALJ Adamczyk's October 21, 2009 determination. *Docket 22-1* at 8-14. The Appeals Council adopted ALJ Adamczyk's finding that Plaintiff was disabled as of December 31, 2003, *Id.* at 11, but found that because SSI "eligibility may not commence until an application is filed" he did not meet the disability requirements for SSI until the time of the August, 2007 application. *Id.* at 12.

The Appeals Council discussed Plaintiff's argument that he had actually become disabled on November 30, 2002 and was entitled to DIB from that date forward. *Id.* at 10. However, the Appeals Council noted that since filing the August 9, 2007 claim, he had filed

---

[2]Plaintiff alleges that he experienced difficulty obtaining the medical records from that period.

[3]She again erroneously referred to the alleged onset date as December 31, 2003 (Tr. 39).

a claim for DIB benefits, alleging disability as of November 30, 2002. *Id.*; *See Docket #14* at 42. The Appeals Council found that the issue of DIB entitlement prior to the December 31, 2002 expiration of benefits was "not properly before" ALJ Adamczyk and thus, would not be addressed by the Council. *Id.* at 10, 12. The Appeals Council vacated ALJ Adamczyk's discussion of the entitlement to DIB. *Id.* at 12.

### 2. The Financial Requirements for SSI

While Plaintiff was able to establish medical disability based on the August, 2007 application for SSI, he encountered problems showing that he met the *financial* requirements for SSI. On September 17, 2009, despite the medical findings, his claim was denied because his March, 2007 transfer of his former home for $1,100 (to his mother-in-law) was deemed a "less than . . . fair market value transaction" (Tr. 47). On November 3, 2009, the SSA found that as a result of the transfer, he was not entitled to SSI payments until March, 2010 (Tr. 47). Plaintiff then requested an administrative hearing on the issue of his financial status, which was held on May 3, 2011 before ALJ Craig Peterson (Tr. 80).

On May 13, 2011, ALJ Peterson found that the market value of the property at the time of the March, 2007 transfer to Plaintiff's mother-in-law was $47,200 based on county assessment records (Tr. 14-15). He noted that Plaintiff's argument that the property was essentially worthless was undermined by the fact that before transferring the property, Plaintiff had not appealed the property taxes reflecting a market value of $47,200 (Tr. 15). Citing SI 01150.110, ALJ Petersen found that Plaintiff was ineligible for SSI within 36

months of the March, 2007 "less than Fair Market Value" transfer and thus, was not entitled

to SSI payments until March, 2010 (Tr. 14, 16).   On December 17, 2012, the Appeals

Council declined to review ALJ Petersen's decision (Tr. 5-7).  On September 4, 2013, the

Appeals council granted Plaintiff an extension of time to file a civil action (Tr. 2).  Plaintiff

filed suit in this Court on October 4, 2013.

### C.  The July, 2009 Application for DIB and SSI

 While waiting for determination of the August, 2007 application (erroneously listing

the alleged onset date as December 31, 2003) Plaintiff filed another application for DIB and

SSI on July 27, 2009, alleging disability as of November 30, 2002.   *Docket #14* at 42.

Plaintiff states that "months later," he received notice that his July 27, 2009 application for

DIB and SSI (alleging disability as of November 30, 2002) was granted as to the SSI

benefits.[4]  *Docket #14* at , 12, 42.


## II.  APPLICABLE LAW

The  district  court  reviews  the  final  decision  of  the  Commissioner  to  determine

whether it is supported by substantial evidence.  42 U.S.C. §405(g); *Sherrill v. Secretary of*

*Health and Human Services,* 757 F.2d 803, 804 (6th Cir. 1985).  Substantial evidence is more

than a scintilla but less that a preponderance.  It is "such relevant evidence as a reasonable

---

[4]While Plaintiff states that he received an award of SSI benefits on the July 27, 2009 application, it is unclear whether the accompanying claim for DIB was overlooked or denied.

mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, S. Ct. 206, 83 L.Ed.126 (1938)). The standard of review is deferential and "presupposes that there is a 'zone of choice' within which decision makers can go either way, without interference from the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986)(en banc). In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." *Wages v. Secretary of Health & Human Services*, 755 F.2d 495, 497 (6th Cir. 1985). The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ. *Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989).

Entitlement to DIB under Title II of the Social Security Act is based on a finding of medical disability *and* a claimant's earning record. "An applicant's 'insured status' is generally dependent upon a ratio of accumulated 'quarters of coverage' to total quarters." *Arnone v. Bowen,* 882 F.2d 34, 37 (2nd Cir. 1989)(citing 42 U.S.C. § 423(c)(1)(B); 20 C.F.R. §§ 404.101(a), 404.130–404.133 (1988)). "'Quarters of coverage'" include quarters in which the applicant earned certain amounts of wages or self-employment income." *Id.* (citing 20 C.F.R. §§ 404.101(b), 404.140–404.146 (1988)). To be entitled to DIB, a claimant must show that he was disabled prior to his date last insured ("DLI"). 20 C.F.R. §§ 404.315(a)(1), 404.320(b)(2).

In contrast, for an award of SSI benefits under Title XVI, a claimant must establish disability and financial need. *Willis v. Sullivan*, 931 F.2d 390, 392, fn. 1 (6th Cir.1991); 42 U.S.C. § 1382. Regardless of the alleged date of disability onset, SSI applicants are not entitled to benefits until "the month following the month" that the application was filed. 20 C.F.R. § 416.335.

## III. ANALYSIS

### A. Despite the Absence of a Final Decision by the Appeals Council, Subject Matter Jurisdiction Exists

Plaintiff argues that he is entitled to DIB for a disability beginning on November 30, 2002, one month before the December 31, 2002 expiration of entitlement to DIB based on his previous earnings. *Docket #14* at 8-11. He contends that his inability to obtain DIB was based first on an SSA agent's April, 2007 erroneous advice to file a new claim rather than contest the original denial of the DIB/SSI claim made in 2006. *Docket #14* at 4, 6, 9. Second, he argues that although ALJ Adamczyk issued a fully favorable decision on the August, 2007 application, her conclusions were tainted by her erroneous finding that he did not allege disability until December 31, 2003 (Tr. 41); *Docket #14* at 31-38.

Defendant argues in response that this Court lacks jurisdiction to consider disputes regarding ALJ Adamczyk's decision because Plaintiff did not file a civil action within 60 days of the November, 2010 Appeals Council determination as required by 42 U.S.C. § 405(g-h). Defendant contends that "this is not the rare case where the equities are so great as to override the 60-day filing deadline." *Defendant's Brief* at 10-11, *Docket #22.*

-8-

Defendant contends that although the November, 2010 Appeals Council modified some of ALJ Adamczyk's findings, it represented the "final decision" of the SSA under § 405(g). Defendant cites *Harper v. Sec'y of HHS,* 978 F.2d 260, 264-265 (6th Cir. 1992), where the Court found that the Appeals Council's application of *res judicata* in vacating the ALJ's decision to reopen a claim in *Harper* constituted a "final decision" requiring the claimant to file suit within 60 days. *Defendant's Brief* at 8.

Alternatively, Defendant argues that the Court lacks jurisdiction because the "refusal to reopen a prior application is not a final decision[] and therefore . . . is not subject to judicial review." *Id.* at 11. Defendant argues that the denial of Plaintiff's request for consideration as whether he was entitled to DIB as of November 30, 2002 was not a "final decision." *Id*. Defendant concedes that although judicial review is appropriate when a claimant challenges the refusal to reopen a claim on constitutional grounds, Plaintiff has not alleged constitutional issues in regard to the Appeal Council's November, 2010 decision. *Id.* at 12-13 (citing *Califano v. Sanders,* 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977)).

### 1.  No Final Decision Regarding the 2006 Claim

The Appeals Council (addressing the August, 2007 application containing an alleged onset date of December 31, 2003) did not deny Plaintiff's request to reopen the 2006 application. The Council specifically *declined* to address the issue of whether Plaintiff was entitled to DIB as of November 30, 2002, noting that Plaintiff had filed another claim on July

27, 2009 alleging disability as of November 30, 2002. *Docket #22-1* at 10. "Accordingly," the Council found that the issue of whether Plaintiff could establish disability prior to the December 31, 2002 expiration of DIB benefits was "not properly before [ALJ Adamczyk] and [was] not before the Appeals Council." *Id.* The Council declined "to address such issues" and vacated "the portions of the hearing decision" referencing the earlier claim. *Id.*

As such, the November, 2010 Appeals Council decision cannot be construed as a "final decision" regarding Plaintiff's entitlement to DIB as of November 30, 2002. See *Fitzgerald v. Secretary of Health and Human Services,* 1990 WL 208659, *4 (6ᵗʰ Cir. December 4, 1990)(no "final decision" where "the record fails to establish the facts considered and the issues resolved" regarding an earlier claim). Likewise here, Defendant's argument that Plaintiff waived his argument by failing to file suit in this Court within 60 days of the November, 2010 decision is defeated by the fact that the determination was not "final" as to the 2006 application. See *Luttrell v. Commissioner of Social Sec.,* 2009 WL 2143773, *11 (E.D.Mich.July 14, 2009)(no final decision at administrative level on discrete issue of substantial gainful activity for relevant period deprived court of jurisdiction to consider issue); *Johnson v. Comm'r of Social Security*, 97 Fed. App'x 526, 528 (6th Cir.2004). Thus, I find that Plaintiff did not waive his arguments for reopening the earlier claim by failing to file within 60 days of the November, 2010 decision.

### 2. SSA's Failure to Consider "Good Cause" For Failure to Timely Establishes a Constitutional Violation

Defendant's alternative contention that the Appeals Council's "refusal" to reopen

-10-

the 2006 application cannot be appealed is not well taken.   Defendant is correct that  a decision not to reopen a closed claim is generally non-appealable. See *Harper, supra,* 978 F.2d 262;  *Hilmes v. Secretary of Health and Human Services*, 983 F.2d 67 (6th Cir.1993). However, the general rule is inapplicable in this case for multiple reasons.  First, the November, 2010 Appeals Council decision cannot be construed as a "refusal."   While in *Harper,* the Appeals Council expressly applied *res judicata* to the former claim, here the Appeals Council declined to consider the issue of whether to reopen the old claim and actually vacated the portions of the ALJ's decision alluding to the original claim.  *Id.* Defendant has failed to present evidence to show that at any time, a reasoned decision was made at any level of the administrative process to consider whether Plaintiff had "good cause" to reopen the 2006 claim.

Second, Plaintiff has made a plausible claim that he could demonstrate "good cause" for his failure to meet the March, 2007 deadline to appeal the 2006 application. He alleges that his failure to timely challenge the initial denial of benefits was due to his medical condition.  He further claims that his initial failure to provide "good cause" for his tardiness was based on an SSA agent's erroneous advice to file a new claim.  Notably, among the factors to be considered when a claimant alleges "good cause" for missing an administrative deadline include circumstances preventing a timely request, and whether the applicant was misled by an SSA representative.   20 C.F.R. §§  404.911, 416.1411.  "Examples of circumstances where good cause may exist" include a serious illness and "incorrect or incomplete information about when and how to request administrative review" provided by

-11-

an SSA representative. § 404.911(b).

Third, the record shows that the SSA did not reject Plaintiff's explanation for the tardiness but overlooked it altogether. The failure to consider Plaintiff's explanation states a plausible due process claim. *See Dexter v. Colvin,* 731 F.3d 977, 980-981 (9th Cir. 2013)(ALJ's consideration of only two of claimant's three proffered "good reasons" for tardiness constituted "a colorable constitutional claim"); *Mitchell v. Commissioner of Social Sec.,* 2013 WL 979097, *3 (E.D.Mich.March 13, 2013)(ALJ's disregard of one of the "good cause" factors met by claimant "constitutes a violation of Plaintiff's right to substantive due process, as it would represent "arbitrary and capricious" action on the part of the Commissioner"); *Neale v. Astrue,* WL 4145977, *2-3 (M.D.Tenn. September 8, 2008)(distinguishing *Hilmes, supra,* in finding that claimant's denial of a hearing despite a showing of good cause established "subject matter jurisdiction under the constitutional claim exception").

Additional errors in the current record also support a finding of due process violations. In the August, 2007 application, Plaintiff's alleged onset date was erroneously listed as December 31, 2003, preventing consideration of his condition during the insured period ending on December 31, 2002. *Docket #14* at 23. While Plaintiff reminded ALJ Adamczyk at least twice at the August, 2009 hearing that the correct onset date was November 30, 2002, her written opinion nonetheless contained the erroneous 2003 onset date. *Id.* at 31-32, 37; (Tr. 109, 114). The written opinion is further muddled by her reference to the alleged onset date as December 31, *2009*, despite the acknowledgment elsewhere that Plaintiff had not

-12-

worked due to disability since November, 2002. *Docket #14* at 33. The decision also contains the erroneous statement that Plaintiff's claim for DIB "was technically denied due to the lack of insured status," when in fact, the 2006 DIB claim was initially denied due to his failure to procure the medical records necessary to support the claim. *Id.* at 19. Likewise, the ALJ's "revised" decision, finding that she "did not have jurisdiction to reopen the original determination," failed to correct any of the above-stated errors in her original decision (Tr. 39-40).

While the Appeals Council acknowledged in its November, 2010 opinion that Plaintiff claimed disability as of November 30, 2002, the Council found that the claim was not properly before either ALJ Adamczyk or the Appeals Council. *Docket #22-1* at 10. The Council apparently refrained from deciding whether Plaintiff was disabled before the December 31, 2002 expiration of DIB based on a newer, July, 2009 application which listed an onset date of November 30, 2002. *Id.* While the July, 2009 claim was granted as to SSI, none of the evidence shows whether the DIB claim was considered on its merits or if Plaintiff's argument that he could provide good cause for the opening of the closed claim was considered. As such, a remand is required.

In *Mitchell* and *Neale, supra,* the courts found that good cause existed and remanded the cases to the administrative level for a hearing on the merits of the claims. However, in those cases, the courts found that the administrative analysis of the "good cause factors" was erroneous, whereas here, none of the evidence shows that the "good cause" factors were even considered at the administrative level. Further, as of yet, Plaintiff has not presented evidence

-13-

to support his argument that ill health  and bad advice from an SSA agent prevented him from timely challenging the initial determination.  Therefore, remand for consideration of whether good cause exists for opening the closed application is appropriate here. *See Dexter,* 731 F.3d at 982.  Then, if Plaintiff has shown good cause, his 2006 application for DIB should be reopened and considered on its merits.[5]

### B.  March, 2010 Commencement of Benefits

Plaintiff also contends that ALJ Peterson erred by delaying the benefits award on the August, 2007 application until March, 2010 due to Plaintiff's "less than fair market" transfer of his former home to his mother-in-law for $1,100 in March, 2007.  *Docket #14* at 5. Plaintiff argues only that "[i]n the May 3, 2011 hearing, ALJ Peterson failed to give any weight or proper consideration to the condition of the property, nor to the expertise of the appraiser who issued the appraisal and opinion of the property." *Id.*

"An individual (or eligible spouse) who gives away or sells a nonexcluded resource for less than fair market value for the purpose of establishing SSI . . . will be charged with

---

[5]

I have also considered, but rejected the argument that if the constitutional question confers subject matter jurisdiction, Plaintiff would have been required to file within 60 days of the November, 2010 Appeals Council decision.  First, the November, 2010 decision did not address Plaintiff's request to reopen the 2006 DIB application.  Moreover, the November, 2010 opinion only dealt with the medical disability aspects of the August, 2007 SSI application.  At the time of the the November, 2010 decision, Plaintiff was still disputing the finding that he was not entitled to SSI benefits until March, 2010 on the August, 2007 SSI application.  The Appeals Council's determination that Plaintiff did not meet the financial qualifications for SSI until March, 2010 was not issued until December 17, 2012 (Tr. 5). After requesting an extension of time to file the present suit, Plaintiff filed the present action within the time allotted.

the difference between the fair market value of the resource and the amount of compensation received."  20 C.F.R. § 416.1246(a)(1).  SSA's Program Operations Manual System ["POMS"] provides that applicants are ineligible for benefits for up to 36 months from the first day of the first month starting after the transfer. SSA POMS SI 01150.110.  Fair market value is defined as "the current market value of a resource at the time the resource is transferred."  POMS SI 01150.005; § 416.1246(b).

First, Plaintiff's argument that the ALJ erred by failing to consider or credit the October 27, 2009 appraisal of $3,000 (Tr. 62-64) is without merit.  Fair market value is defined as "the value of a resource at the time the resource is transferred." § 416.1246(b). Plaintiff did not arrange for an appraisal of the property until October, 2009 when his SSI award was delayed on the basis of the March, 2007 transfer.  The ALJ acknowledged the October, 2009 appraisal, but instead, permissibly relied on Iosco County tax records showing that on the date of March, 2007 transfer, the "tax assessed value" was $23,600 "making fair market value of the property . . . $47,200" (Tr. 15).  Second, while the ALJ considered Plaintiff's argument that water damage to the home in December, 2004 significantly lowered the value of the home, he noted that Plaintiff "testified that he did not appeal the county property assessments even though he knew he could" (Tr. 15 citing Tr. 88-89).  Plaintiff has not shown that the ALJ erred in relying on the county appraisals for March, 2007 rather than an appraisal conducted two-and-a-half years later.  Despite Plaintiff's claim that the home was devalued by water damage, he did not challenge the county taxes appraisals reflecting a vastly higher value than the $1,100 for which he sold it.  Because ALJ Petersen's findings

-15-

are well supported, a remand on this basis is not warranted.[6]

However, for the reasons set forth in Section A., I recommend that the case be remanded to the administrative level for a determination of whether "good cause" exists for reopening the 2006 claim.

## VI.   CONCLUSION

I recommend that Plaintiff's Motion for Summary Judgment be GRANTED in part and DENIED in part [Docket #14] and that Defendant's Motion for Summary Judgment be GRANTED in part and DENIED in part [Docket #22] as follows.

I recommend that the Plaintiff's Motion be GRANTED, and the Defendant's Motion DENIED, to the extent that the case be remanded to the administrative level for the ALJ to consider whether Plaintiff's 2006 application (including his request for DIB) should be reopened, and if so, to reconsider the merits of that application.

As to the issue of whether ALJ Peterson erred in delaying the SSI benefit award in the August, 2007 application, due to Plaintiff's "less than fair market" transfer of his property, I recommend that the Plaintiff's Motion be DENIED and that the Defendant's Motion be GRANTED.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR

---

[6]However, as discussed in Section A., a subsequent finding that Plaintiff was entitled DIB as of November 30, 2002 going forward would moot the question of whether he later met the financial requirements for collecting SSI benefits.

72.1(d)(2).   Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).   Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                   s/R. Steven Whalen
                                   R. STEVEN WHALEN
                                   UNITED STATES MAGISTRATE JUDGE
Dated: October 8, 2014


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 8, 2014, electronically and/or by U.S. mail.

                                   s/Carolyn M. Ciesla
                                   Case Manager to the
                                   Honorable R. Steven Whalen

-17-